**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

# CIVIL MINUTES

**Case No**: Cv. 08-1278-ST                              **Proceeding Date:** April 16, 2010

**Case Title:** Labar v. Phoenix Life Ins. Co.

**Presiding Judge:** Janice M. Stewart            **Courtroom Deputy:** Donna Ausbie - (MAA)
                                                  Telephone: (503) 326-8057 ● E-mail: Donna_Ausbie@ord.uscourts.gov

**Reporter:** n/a                  **Tape No:** FTR

| PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| (1) Roger Hennagin | (1) David Earnst |
| (2) | (2) |
| (3) | (3) |
| (4) | (4) |

NOTIFICATION: Jury Clerk

**Docket Entry**: Record of telephone motion hearing.

ORDER: Granting Plaintiff's Motion for Extension of Discovery and PTO Deadlines (#11) and setting the following new case schedule and deadlines:

| | |
|---|---|
| 7/30/2010: | Close of discovery and filing of any dispositive motions (oral argument must be requested in accordance with Local Rule 7-1(d)); |
| 10/1/2010: | Exchange of Expert Disclosure Statements; The Pretrial Order is WAIVED, per the court's previous order (#7); |
| 10/26/2010: | Pretrial Submissions due (please see Jury Trial Management Order for submission requirements); |
| 11/2/2010: | Objections to Pretrial Submissions due (see Jury Trial Management Order for objection requirements); |
| 11/9/2010: | Final Pretrial Conference to be held at 1:30 p.m. before Judge Stewart; and |
| 11/16/2010: | Start of 3-4 day jury trial at 9:00 a.m. in Judge Stewart's courtroom. |

ORDER: Amending the Jury Trial Management Order (#8) to reflect these new deadlines.

ORDER: Denying Defendant's Motion to Dismiss for Failure to Prosecute (#16), subject to the following additional Orders: (1) No further extension of the case deadlines will be permitted absent unusual circumstances not within the control of the parties; (2) plaintiff will produce responsive documents from the computer he used while employed by defendant no later than April 30, 2010; (3) plaintiff shall make himself available for a deposition on or before June 30, 2010; (4) plaintiff may not take any depositions until after his deposition is completed; (5) plaintiff shall respond to defendant's Interrogatories no later than April 30, 2010 and shall include a certification that plaintiff orally verified the interrogatory responses; (6) in the event no dispositive motions are filed, plaintiff's counsel shall contact the court to set an earlier trial date starting on September 14, 2010.

ORDER: Waiving Local Rule 56-1(a)(2) requiring a Concise Statement of Material Facts supporting a motion for summary judgment. However, if the moving party elects to file a Concise Statement of Material Facts, then the responding party will have to comply with LR 56-1(b) & (c) or risk having the moving party's material facts deemed admitted under LR 56-1(f).

NOTICE TO COUNSEL:
- Pursuant to Local Rule 7-1(a)(1), the party filing a motion must certify in the first paragraph of the motion that:
  - (A) The parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so; or
  - (B) The opposing party willfully refused to confer.
  
  The court may deny any motion that fails to include this certification.

- Pursuant to Local Rule 100-7(a), parties must file paper copies of dispositive motions, motions for injunctive relief, and any documents in excess of five (5) pages (including responses and replies to motions, as wells as attachments, exhibits, affidavits or declarations), marked as a "JUDGE'S COPY," by delivering them to the Clerk's Office within three (3) days after the electronic filing. Parties are encouraged to submit all documents in an organized fashion, preferably 3-hole punched on the side and, if voluminous, in binders.

                                                          **Document Number:** _____
                                                                    **CIVIL MINUTES**